IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION



REC'D *date*
~~FILED~~
CHARLOTTE, N.C.

JUN 14 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| CYNTHIA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | CIVIL NO. 5:03-CV-61 |

FILED
CHARLOTTE, N. C.

JUN 24 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. §405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the case will be assigned to an administrative law judge (ALJ) who will be directed to:

1. Update the treatment evidence on the Plaintiff's medical condition consistent with the requirements of 20 CFR 404.1512-13.

2. Articulate how he has evaluated the credibility of the Plaintiff's subjective complaints on the updated record, under the standard in 20 CFR 404.1529. The ALJ will expressly address whether the claimant has medically determinable impairments that could reasonably be expected to produce her symptoms. As set out in Social Security Ruling 96-7p, the ALJ will give "specific reasons for the finding on credibility, supported by the evidence in the case record." These reasons must be "sufficiently specific to make clear . . . the weight the adjudicator gave to the individual's statements and the reasons for that weight."

3. Further consider the treating, examining, and non-examining source opinions in the updated record under 20 CFR 404.1527 and Social Security Rulings 96-2p, 96-5p, and 96-6p. The ALJ will explain the reasons for the weight he gives to this opinion evidence. As appropriate, the ALJ may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the Plaintiff can still do despite the impairments (20 CFR 404.1512).

4. Further consider the Plaintiff's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations (20 CFR 404.1545). The ALJ will set out his finding in terms of the function-by-function assessment mandated by Social Security Ruling 96-8p.

5. Further consider whether the residual functional capacity established by the evidence would allow the Plaintiff to do her past relevant work (SSRs 82-61 and 82-62), and

6. As appropriate, secure evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base (Social Security Ruling 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's and plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

This the _____ day of June, 2005.

*Carl Horn, III*
CARL HORN, III
UNITED STATES MAGISTRATE JUDGE

GRETCHEN C F. SHAPPERT
UNITED STATES ATTORNEY

*James M. Sullivan*　　　　*Sabrina Gicola*
JAMES M. SULLIVAN　　　　SABRINA GICOLA
Assistant United States Attorney　　Counsel for Plaintiff (Cynthia Williams)